# Exhibit "A"

Plaintiff's Complaint

Electronically Filed
12/1/2021 4:24 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**

FARHAN R. NAQVI
Nevada Bar No. 8589
PAUL G. ALBRIGHT
Nevada Bar No. 14159
NAQVI INJURY LAW
9500 W Flamingo Road, Suite 104
Las Vegas, Nevada 89147
Telephone: (702) 553-1000
Facsimile: (702) 553-1002
naqvi@naqvilaw.com
paul@naqvilaw.com
*Attorneys for Plaintiff*

CASE NO: A-21-844817-C
Department 28

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

SUSAN SPRADA; individually,

Plaintiff,

vs.

WAL-MART STORES, INC.; WALMART INC. d/b/a WALMART #5259; WAL-MART REAL ESTATE BUSINESS TRUST; CORPORATION; DOES 1 through 100 and ROE CORPORATIONS 1 through 100, inclusive,

Defendants.

Case No.:
Dept. No.:

**COMPLAINT**

Plaintiff SUSAN SPRADA, by and through her attorneys of record, FARHAN R. NAQVI and PAUL G. ALBRIGHT of NAQVI INJURY LAW, alleges against Defendants WAL-MART STORES, INC.; WALMART INC. d/b/a WALMART #5259; WAL-MART REAL ESTATE BUSINESS TRUST, LLC, DOES 1 through 100 and ROE CORPORATIONS 1 through 100 (hereinafter collectively referred to as "Defendants") as follows:

/ / /

/ / /

NAQVI INJURY LAW

**PARTIES AND JURISDICTION**

1. Plaintiff SUSAN SPRADA (hereinafter "Plaintiff") is and, at all times relevant herein, was a resident of the Clark County, Nevada.

2. Defendant WAL-MART STORES, INC., upon information and belief, is and, at all times relevant herein, was a foreign corporation licensed and conducting business in Clark County, Nevada.

3. Defendant WALMART INC. d/b/a WALMART #5259, upon information and belief, is and, at all times relevant herein, was a foreign corporation licensed and conducting business in Clark County, Nevada.

4. Defendant WAL-MART REAL ESTATE BUSINESS TRUST, upon information and belief, is and, at all times relevant herein, was a foreign business trust licensed and conducting business in Clark County, Nevada.

5. That the true names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants DOES 1 through 100 and ROE CORPORATIONS 1 through 100, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as DOES 1 through 100 and ROE CORPORATIONS 1 through 100 is responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiff as herein alleged. The legal responsibility of said Defendant DOES 1 through 100 and ROE CORPORATIONS 1 through 100 arises out of, but is not limited to, their status as owners, maintainers, managers, operators, inspectors, controllers, entrustors, constructors, cleanors and/or installers of the subject premises and/or the area where the alleged incident occurred as described more fully below,

including, but not limited to, cleaning and/or maintenance companies and their employees and/or agents, and/or their status as creators, owners, maintainers, managers, operators, inspectors, controllers, entrustors, constructors, cleanors and/or installers of the subject dangerous condition described below and/or objects concerning the subject dangerous condition, and/or their agency, master/servant or joint venture relationship with the otherwise responsible parties, including any other entities who are also responsible for the events and claims asserted herein, such as parent and subsidiary companies affiliated with the named or otherwise responsible entities. Moreover, upon information and belief, Defendant DOES 1 through 100 and ROE CORPORATIONS 1 through 100 were involved in the initiation, approval, support or execution of the wrongful/negligent acts upon which this litigation is premised, or of similar actions against Plaintiff of which Plaintiff is presently unaware. Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said defendants and, when the same have been ascertained, to join such defendants in this action together with the proper charging allegations.

6. That at all times pertinent, Defendants were agents, principals, masters, servants, employers, employees, representatives, joint venturers and/or were otherwise affiliated with every other defendant or otherwise responsible individual/entity and, at all times mentioned herein, were acting within the scope and course of said agency, employment, representation, joint venture or other such relationship with knowledge, permission and consent of all other named Defendants and/or otherwise responsible parties.

7. At all times relevant herein, Defendants' employees, representatives and/or authorized agents contributed to and/or caused the circumstances resulting in the subject incident

described below, and said Defendants, employees, representatives and/or agents were acting within the course and scope of such employment, representation and/or agency at the time, thereby rendering Defendants liable for the negligent acts of said employees, representatives and/or agents under the doctrine of vicarious liability/respondeat superior. The true names and capacities of these employees, representatives and agents are presently unknown to Plaintiff at this time, who therefore identifies said individuals by the collective fictitious name of "DOE EMPLOYEES." When the true names and capacities of these individuals are ascertained, Plaintiff will seek to amend this Complaint as necessary.

8. That the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada on the premises owned and/or controlled by Defendants located at 6151 W. Lake Mead Blvd., Las Vegas, Nevada 89108 (hereinafter the "Premises"), which, upon information and belief, at all times mentioned herein, was owned, maintained, managed, operated, and/or controlled by Defendants and/or that Defendants were otherwise responsible for the carts involved in the subject incident, the area on the Premises where the subject incident occurred, the subject dangerous condition that is described more fully below, and/or are otherwise responsible for the subject incident and/or Plaintiff's resulting damages.

9. This Court has jurisdiction over this matter as this is a civil action arising from an incident that occurred within Clark County, Nevada, involves resident parties, and involves an amount in controversy in excess of the sum of $15,000.00, exclusive of costs and interest.

## GENERAL FACTUAL ALLEGATIONS

10. That on December 4, 2019, Plaintiff was visiting the Premises when she slipped on a slick substance located on the floor inside of the store, which, upon information and belief, was

insufficiently slip resistant, causing her to fall to the ground. It had been raining throughout the day, and it's believed that rain water had accumulated on the inssuficiently slip resistant floor through a hole in the roof (the slick substance, insufficiently slip resistant flooring and hole in the roof are hereinafter referred to as the "Dangerous Condition"). The Dangerous Condition was at all times concealed to Plaintiff as there was no sign or other warning of this Dangerous Condition and it was not detectable to her. Plaintiff sustained traumatic injuries as a result of the fall.

11. That, upon information and belief, at all times mentioned herein, Defendants owned, maintained, managed, operated, directed, constructed, installed, inspected, created, controlled and/or were otherwise responsible for the Premises and/or the area where the Dangerous Condition was located, and/or were otherwise responsible for the Dangerous Condition, and/or were otherwise responsible for the subject incident and/or Plaintiff's resulting damages.

12. That upon information and belief, Defendants, including DOE EMPLOYEES, knew or reasonably should have known of the Dangerous Condition, and/or caused the Dangerous Condition to exist.

13. That Defendants, including DOE EMPLOYEES, failed to adequately warn, caution, place signs, or otherwise make safe the Dangerous Condition existing on or about the Premises.

14. That Defendants, including DOE EMPLOYEES, managing agents, executives, and supervisors knew, or reasonably should have known that the flooring where the subject incident occurred, was insufficiently slip resistant, and violated building codes and safety codes, including those prescribed by the Uniform Building Code, International Building Code, Clark County Administrative Code, Clark County Building Administrative Code,

NAQVI INJURY LAW

and American Society for Testing and Materials. Defendants' knowledge arises from, among other sources, prior slip and fall incidents occurring on other areas of the Premises containing the same type of flooring, as well as their knowledge of the flooring material and slip and fall incidents occurring at other addresses or locations that Defendants own, manage, control, or are otherwise familiar with.

15. That upon information and belief, Defendants' employees, representatives and/or authorized agents, including DOE EMPLOYEES, were in or around the Dangerous Condition immediately prior to the subject incident, that DOE EMPLOYEES caused and/or had actual and/or constructive notice of the Dangerous Condition.

16. That upon information and belief, Defendants, including DOE EMPLOYEES, knew, reasonably should have known and/or caused the Dangerous Condition to exist.

17. That Defendants, including DOE EMPLOYEES, had a non-delegable duty to Plaintiff to keep the Premises safe and, despite this, Defendants negligently, carelessly and/or recklessly created, maintained and/or allowed the Dangerous Condition to exist.

18. That as a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries to, including, but not limited to, her ankle, back, bodily limbs, organs and systems, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damages in a sum in excess of $75,000.00.

19. That as a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatment for the aforementioned injuries and that said services, care and treatment shall continue into the future all to Plaintiff's damages in a sum in excess of $75,000.00.

20. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited occupational and recreational activities, which has caused and shall continue to cause loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

21. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**FIRST CAUSE OF ACTION**
**(*Negligence and Respondeat Superior*)**

22. Plaintiff incorporates paragraphs 1 through 21 of the Complaint as though said paragraphs were fully set forth herein.

23. That Defendants, as the owners, maintainers, managers, operators, constructors, installers, inspectors, creators, controllers and/or otherwise responsible parties of the Premises, owed Plaintiff a duty of care to provide a safe environment, free from dangerous conditions.

24. That Defendants owed Plaintiff a duty of care to adequately maintain and inspect the Premises to ensure that the Premises was free from dangerous conditions, and ensure the performance thereof.

25. That Defendants owed Plaintiff a duty of care to warn Plaintiff of any non-obvious and dangerous conditions on the Premises.

26. That Defendants knew or reasonably should have known that the Dangerous Condition existed on the Premises.

27. That Defendants, at all times relevant herein, breached the aforementioned duties of care by, among other things:

NAQVI INJURY LAW

a. Failing to provide Plaintiff with a safe environment, free from hazards that were or should have been recognized by Defendants;

b. Failing to properly inspect the Dangerous Condition, which ultimately caused Plaintiff's injuries and damages;

c. Creating, permitting and allowing the Dangerous Condition to remain for an unreasonable period of time despite actual and/or constructive notice;

d. Failing to properly warn of the non-obvious Dangerous Condition;

e. Failing to have adequate policies and procedures to prevent, detect and make safe dangerous conditions on the Premises; and

f. Otherwise acting in a negligent and careless manner by failing to exercise the degree of care required under the circumstances.

28. Upon information and belief, at all times relevant herein, Defendants' employees, representatives and/or authorized agents, including DOE EMPLOYEES, contributed to and/or caused the circumstances resulting in the subject incident described above, and said employees, representatives and/or agents were acting within the course and scope of such employment, representation and/or agency at the time.

29. Upon information and belief, Defendants are liable for the subject negligent acts of their employees, representatives and/or agents, including DOE EMPLOYEES, and Plaintiff's resulting damages under the doctrine of vicarious liability/respondeat superior.

30. That it was reasonably foreseeable that Defendants' breach of the aforementioned duties of care would cause injury to persons on the Premises, including Plaintiff.

31. That as a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to his body, limbs, organs and/or systems, all or

some of which conditions may be permanent and disabling and all to Plaintiff's damage in a sum in excess of $75,000.00. That said services, care and treatment shall continue into the future.

32. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited occupational and recreational activities, which has caused and shall continue to cause loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

33. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**SECOND CAUSE OF ACTION**
**(*Negligent Hiring*)**

34. Plaintiff incorporates paragraphs 1 through 33 of the Complaint as though said paragraphs were fully set forth herein.

35. Defendants owed Plaintiff several duties including, but not limited to, the following:

a. The duty to keep Plaintiff safe from the negligent acts of their employees, agents and representatives;

b. The duty to provide and hire responsible employees, agents and representatives, including implementing adequate policies and procedures therefor; and

c. The duty to conduct reasonable investigations into the backgrounds of their employees, agents and representatives.

36. Upon information and belief, Defendants breached these duties by, among other things:

a. Hiring individuals, including DOE EMPLOYEES, who were not qualified and/or competent for their positions;

b. Failing to conduct a reasonable and thorough investigation into the personal background and employment history of their employees, agents and representatives, including DOE EMPLOYEES;

c. Failing to implement adequate policies and/or procedures for hiring employees, agents and representatives, including DOE EMPLOYEES; and/or

d. Failing to adequately train their employees, agents and representatives, including DOE EMPLOYEES.

37. That as a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $75,000.00.

38. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**THIRD CAUSE OF ACTION**
**(*Negligent Training and Supervision*)**

39. Plaintiff incorporates paragraphs 1 through 38 of the Complaint as though said paragraphs were fully set forth herein.

40. Defendants owed Plaintiff the duty to exercise reasonable care in the training and supervision of any and all employees, agents and representatives including DOE EMPLOYEES.

41. This duty required Defendants to train and supervise employees, agents and representatives, including DOE EMPLOYEES, to ensure that these employees, agents and representatives acted without negligence.

42. Upon information and belief, Defendants breached this duty when they failed to properly train and supervise employees, agents and representatives, including DOE

EMPLOYEES, whose negligence caused injury to Plaintiff as alleged herein, including, but not limited to, training and supervision regarding the eradication, prevention, detection, and warning of dangerous conditions, including the subject Dangerous Condition and those similar thereto.

43. If Defendants had properly trained and supervised their employees, agents and representatives, including DOE EMPLOYEES, this negligence would not have occurred.

44. That as a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $75,000.00.

45. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**FOURTH CAUSE OF ACTION**
**(*Negligent Retention*)**

46. Plaintiff incorporates paragraphs 1 through 45 of the Complaint as though said paragraphs were fully set forth herein.

47. Defendants owed Plaintiff the duty to exercise reasonable care in the retention of employees, agents and representatives, including DOE EMPLOYEES.

48. Upon information and belief, Defendants breached this duty when they negligently retained employees, agents and representatives, including DOE EMPLOYEES, even though they knew, or should have known, that these employees, agents and representatives lacked the qualifications and/or competence for their position.

49. That as a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount in excess of $75,000.00.

50. That as a direct and proximate result of Defendants' negligence, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff SUSAN SPRADA, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays for judgment against all Defendants, and each of them, as follows:

1. For general damages sustained by Plaintiff in an amount in excess of $75,000.00;
2. For special damages sustained by Plaintiff in an amount in excess of $75,000.00;
3. For reasonable attorney's fees and costs;
4. For interest at the statutory rate; and
5. For such other relief as the Court deems just and proper.




NAQVI INJURY LAW

By: *__/s/ Paul G. Albright__________*

FARHAN R. NAQVI
Nevada Bar No. 8589
PAUL G. ALBRIGHT
Nevada Bar No. 14159
9500 W Flamingo Road, Suite 104
Las Vegas, Nevada 89147
*Attorneys for Plaintiff*